UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-24981-MC-COOKE/O'SULLIVAN

In re APPLICATION OF:

INMOBILIARIA TOVA, S.A., and
MINI DEPOSITOS DENPAR,

                  Applicants

Pursuant to 28 U.S.C. § 1782
for Judicial Assistance in Obtaining
Evidence for Use in Foreign and
International Proceeding.

_____/

## ORDER

THIS MATTER is before the Court on the Renewed Application for Judicial

Assistance Pursuant to 28 U.S.C. § 1782 and Request for Expedited Hearing (DE# 1,

12/7/20) ("Renewed Application")[1] and the Applicants' Renewed Motion for Expedited

Ruling on Applicants' Renewed Application for Judicial Assistance Pursuant to 28

U.S.C. § 1782 and Request for Expedited Hearing (DE# 14, 2/22/21).  Pursuant to 28

U.S.C. § 636(b), the Honorable Marcia G. Cooke referred the motion to the

undersigned. (DE# 15, 2/23/21). As a preliminary matter, the Court grants the

Applicants' Renewed Motion for Expedited Ruling on Applicants' Renewed Application

for Judicial Assistance Pursuant to 28 U.S.C. § 1782 and Request for Expedited

Hearing (DE# 14, 2/22/21).   Having carefully reviewed and considered the Renewed

Application and supporting exhibits, Revlon Consumer Productions Corporation's

---

[1] The Renewed Application is the applicants' third application.  Judge Toomey
denied without prejudice the applicants' first *ex parte* application that was filed on
September 26, 2019 in the Middle District of Florida. See Toomey Order dated October
31, 2019 (DE# 9-4, 12/28/20).  On January 30, 2020, the applicants filed their second
*ex parte* application in the Southern District of Florida, which Judge Moreno granted the
next day without Revlon CPC's participation. (DE# 9-5, 12/28/20).  Revlon CPC filed a
motion to vacate the order and quash the subpoena. After the motion was fully briefed,
Judge Moreno granted Revlon CPC's motion, vacated his order granting the second
application and quashed the subpoena based on the applicants' failure to comply with
Judge Toomey's order. Moreno Paperless Order entered November 2, 2020 (DE# 9-18,
12/28/20).

Response in Opposition to Renewed Application for Judicial Assistance pursuant to 28 U.S.C. § 1782 (DE# 10, 12/28/20) and supporting exhibits, and the Applicants' Reply in Support of Renewed Application for Judicial Assistance Pursuant to  28 U.S.C. § 1782 (DE# 13, 1/11/21), relevant authority, as well as having heard from the Applicants and Revlon CPC, and for the reasons discussed below, the Renewed Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 and Request for Expedited Hearing (DE# 1, 12/7/20) ("Renewed Application") is DENIED.

## BACKGROUND

This is the applicants' third attempt to secure foreign discovery pursuant to Section 1782(a) from Revlon CPC in Florida to be used in a contemplated civil proceeding in Venezuela against Revlon CPC's subsidiary, Revlon Overseas Corporation, C.A. ("Revlon Venezuela"), for damages for negligence regarding **a** fire in the Denpar Building[2] in Caracas, Venezuela on June 5, 2011. The more than eight-year delay in seeking relief under Section 1782 is of the applicants' own making. Under the applicable ten-year statute of limitations under Venezuelan law, the statute of limitations expires this June, 2021. The applicants seek an expedited ruling on their Renewed Application.

Revlon CPC is incorporated in Delaware and has its principal place of business in New York. Revlon CPC has two offices in this district as well as **a** registered agent. Revlon CPC argues that the applicants' Renewed Application should be denied because the applicants' have failed to satisfy two of the four Section 1782(a)

---

[2]The applicants own approximately forty-two percent (42%) and Revlon Venezuela owns approximately fifty-eight percent (58%) of the Denpar Building.

prerequisites.  Revlon CPC argues this Court lacks jurisdiction as Revlon CPC is not "found" in the district because the applicants have failed to show that Revlon CPC's "'affiliations with the State [of Florida] are so "continuous and systematic" as to render [Revlon CPC] essentially at home in the forum State.'" Daimler AG v. Bauman, 571 U.S. 117, 139 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011) (internal quotation omitted).  This alone dooms the applicants' application and obviates the need for the Court to consider the four discretionary Intel factors.

Based on the impending expiration of the applicable Venezuelan statute of limitations for a civil, non-contractual tort action against Revlon CPC's subsidiary, the Court will undertake an analysis of the Intel factors for the benefit of the court that reviews any potential appeal of this Order.

## ANALYSIS

**I.    Discovery for Use in Foreign Tribunals - 28 U.S.C. § 1782**

A.    Statutory Requirements of Section 1782

Congress enacted Section 1782 "to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004).  Sub-section 1782(a) of Title 28 provides in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced before a person appointed by the court. ... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing

produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). The district court's decision to grant or deny an application

pursuant to 28 U.S.C. § 1782(a) is discretionary.  Before a district court may exercise its

authority pursuant to Sub-section 1782(a), the applicant must satisfy four prima facie

requirements:

(1) the request must be made "by a foreign or international tribunal," or by "**any interested person**";
(2) the request must **seek evidence**, whether it be the "testimony or statement" of a person or the production of "a document or other thing";
(3) the evidence must be "**for use in a proceeding in a foreign** or international **tribunal**"; and
 (4) the person from whom discovery is sought **must reside or be found** in the district of the district court ruling on the application for assistance.

In re Clerici, 481 F.3d 1324, 1331-32 (11th Cir. 2007)(quoting 28 U.S.C. §

1782)(footnote omitted) (emphasis added); see Consorcio Ecuatoriano de

Telecommunicaciones S.A. v. JAS Forwarding (USA), Inc., 747 F.3d 1262, 1269 (11th

Cir. 2014).

Revlon CPC does not dispute the first two statutory prerequisites namely, that

the applicants are "interested persons" or that they "seek evidence."  28 U.S.C.  §§

1782(a)(1)-(2).  Revlon CPC disputes the third and fourth statutory prerequisites.

Revlon CPC argues that it is not "found" in this **d**istrict because Revlon CPC is a

Delaware corporation with its principal place of business in New York. Revlon CPC

argues further that the Renewed Application "is nothing more than an improper fishing

expedition for documents for a purported contemplated proceeding that [the] Applicants

cannot currently prosecute under Venezuelan law." Reply at 2-3 (DE# 10, 12/28/20).

The undersigned will address the third and fourth statutory prerequisites, "for use in a foreign proceeding in a foreign ... tribunal" and the "found in the district" requirements. 28 U.S.C.  §§ 1782(a)(3)-(4).  Additionally, Revlon CPC argues that the Intel factors weigh against permitting the discovery the Applicants seek.

II.     **The Request for Discovery in the Renewed Application Is Denied**

A.     Revlon CPC Is Not "Found" in the District

The applicants seek discovery from Revlon Consumer Products Corporation ("Revlon CPC"), a Delaware corporation that has its principal place of business in New York.  Revlon is the parent company of the contemplated defendant, Revlon Overseas Corporation ("Revlon Venezuela"). The applicants argue that Revlon CPC is "found" in the district because it has two offices, Brickell and Pembroke Pines, and a registered agent in Palm Beach County.  Additionally, the applicants allege that "[t]here is a reasonable basis to believe that [Revlon CPC] has possession, custody or control of the evidence sought in this Application because Revlon Venezuela has wound up, leaving [Revlon CPC] as the natural possessor, custodian or controller of the evidence sought." Brando Decl. ¶15 (DE# 1-1, 12/7/20).

The applicants rely on the following cases: In re Kurbatova, Case No. 18-mc-81554, 2019 WL 2180704, at *2 (S.D. Fla. May 20, 2019) (holding that because the discovery target maintained a registered agent in the district who could accept service of process, and the agent was served in the district, the entity was therefore "found" in the district); Application of Consorcio Ecuatoriano de Telecommunicaciones S.A., 747 F.3d   , 1269 (11th Cir.  ) ( "JAS USA ... has an office and does business in Miami and is therefore 'found in the district of the district court ruling on the application for assistance'

– namely, the Southern District of Florida").  The applicants conclude that Revlon CPC's presence may safely be categorized as systematic and continuous.

In its Response, Revlon CPC argues that this Court lacks general jurisdiction over it. Citing district court decisions that rely upon Supreme Court case law, Revlon CPC argues further that district courts in Florida have previously held that "to reside" or be "found" in a district under Section 1782, "a corporate entity must at the very least be subject to the court's general jurisdiction under [Daimler AG v. Bauman, 571 U.S. 117 (2014)]." In re da Costa Pinto, No. 17-MC-22784, 2019 WL 3409488, at *6 (S.D. Fla. May 16, 2019), report and recommendation adopted, No. 17-MC-22784-MGC, ECF# 60 (S.D. Fla Nov. 19, 2019) (J. Cooke)[3]; see Matter of Gov't of Mongolia v. Itera Int'l Energy, LLC, No. 3:08-MC-46-J32MCR, 2009 WL 10712603, at *4 (M.D. Fla. Nov. 10, 2009) ("Although there is no binding authority addressing the exact type of presence which equates to 'systematic and continuous local activities' pursuant to § 1782, the Court will look to 'continuous and systematic contacts' for in personam jurisdiction as guidance."). Revlon CPC maintains that the mere presence of a corporate entity in the district is insufficient.  In re Fuhr, No. 13-MC-21598, 2013 WL 12383456, at *1-*2 (S.D. Fla. July 25, 2013) (finding corporation not "found" in the district where it was a global corporation with locations across the US and it would undermine the purpose of Section

---

[3]In re da Costa Pinto, the district court adopted the Report and Recommendation that recommended authorizing foreign discovery under Section 1782 directed at an individual, Paul Cicurel, a former employee of Cooper Fund, but recommended denying foreign discovery under Section 1782 directed at Cooper Fund because it was not "found" in the district. The court explained that "'to 'reside' or be 'found' in a district for purposes of § 1782, a corporate entity must at the very least be subject to the court's general jurisdiction under *Daimler.'*" In re da Costa Pinto, 2019 WL 3409488, at *6 (quoting In re Sargeant, 278 F. Supp. 3d 814, 821 (S.D.N.Y. 2017).

1782 to allow the applicant to obtain documents in any federal district court where an office was located). Revlon CPC also argues that this Court lacks personal jurisdiction over Revlon CPC. The undersigned agrees as more fully discussed below.

### 1.    No General Jurisdiction over Revlon CPC

The Eleventh Circuit has held that a court only has general jurisdiction over a corporation "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." Waite v. All Acquisition Corp.. 901 F.3d 1307, 1317 (11th Cir. 2018).[4]  In Daimler, the Supreme Court explained that the "paradigm all-purpose forums" in which a corporation is "at home" are the corporation's place of incorporation and its principal place of business.  Daimler, 571 U.S. at 137. Only in an "exceptional case" will a corporation's operations "be so substantial and of such a nature as to render the corporation at home in that State."  BNSF Ry. Co. v. Tyrell, 137 S. Ct. 1549, 1558 (2017). "[T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts... [T]he inquiry 'calls for an appraisal of a corporation's activities in their entirety'; '[a] corporation that operates in many places can scarcely be deemed at home in all of them.'" Id. at 1559 (quoting Daimler, 134 S. Ct. at 761-62, n.20).

 In Carmouche v. Tamborlee Mgmt., Inc., 789 F.3d 1201 (11th Cir. 2015), the Eleventh Circuit found that an "exceptional case" exists only where "activities in the

---

[4]In Daimler the Supreme Court reaffirmed the principle announced earlier in Goodyear; "[T]he inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." Daimler, 134 S. Ct. at 761 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." Carmouche, 789 F.3d at 1205. Daimler imposes a "heavy burden" on a party seeking to establish "an exceptional case." Waite, 901 F.3d at 1317 (finding no general jurisdiction where "activities show[ed] that it conducted significant business in Florida" but did not demonstrate Florida was "a surrogate" place of incorporation or principal place of business); see In da Costa Pinto, 2019 WL 3409488, at *6; see also In re Sargeant, 278 F. Supp. 3d 814 (S.D.N.Y. 2017) (finding that Sargeant's failure to satisfy the "found" prerequisite "dooms his [1782] application").

In Sargeant, the applicant sought Section 1782 discovery from a foreign limited liability company with one of its primary business offices located in New York, New York. In Sargeant, the entity was not incorporated in New York and did not have its principal place of business in New York.  The district court in Sargeant explained that "if a business entity could be subject to personal jurisdiction anywhere it maintains a physical presence–i.e., an office–then Daimler's holding would be rendered meaningless." Id at 821 (citing Daimler, 134 S. Ct. at 761 n.18).

In the present case, the applicants have failed to show that Revlon CPC's "affiliations with the State [of Florida] are so continuous and systematic as to render it essentially at home in the forum State." Daimler, 571 U.S. at 1318-39.  Revlon CPC is not incorporated in Florida and does not have its principal place of business in Florida. The applicants have failed to show this is an exceptional case to satisfy personal jurisdiction.

Revlon CPC is incorporated in Delaware and has its principal place of business

in New York. The applicants have failed to show that Revlon CPC's business in this **d**istrict is equivalent to that of its principal place of business.  Accordingly, the undersigned finds that Revlon CPC is not "found" within this **d**istrict as required by Section 1782.

### 2.    No Personal Jurisdiction over Revlon CPC

Revlon's contacts with Florida are insufficient to establish personal jurisdiction. Under Section 1782, specific personal jurisdiction may be sufficient in situations "where the discovery material sought proximately resulted from the respondent's forum contacts." In re del Valle Ruiz, 939 F.3d 520, 530 (2d Cir. 2019) ("That is, the respondent's having purposefully availed itself of the forum must be the primary or proximate reason that the evidence sought is available at all.").  A "feature" of this standard "will generally require a § 1782 applicant to provide additional specificity concerning the discovery it seeks." Id. at 530 n.12.

The applicants have not provided the requisite specificity. The applicants assert "[t]here is a reasonable basis to believe that [Revlon CPC] has possession, custody or control of the evidence sought in [its] Application because Revlon Venezuela has wound up, leaving [Revlon CPC] as the natural possessor, custodian or controller of the evidence sought." Brando Decl. at ¶ 15 (DE# 1-1, 12/7/20). Responsive documents are not even in this forum. Mettler Decl. at ¶ 15 (DE# 9-10, 12/28/20). The applicants summarily allege that Revlon CPC "has a registered agent [and office] in this [d]istrict," that Revlon CPC "causes products to be placed into the stream of commerce," and its "presence in this [d]istrict may safely be categorized as systematic and continuous." Renewed Application at ¶ 1 (DE# 1, 12/7/20).  These "vague and conclusory allegations

... are insufficient to establish a prima facie case of personal jurisdiction...." <u>Snow v.</u> <u>DirectTV</u>, 450 F.3d 1314, 1318 (11th Cir. 2006); <u>see</u> <u>In re Takata Airbag Products</u> <u>Liability Litigation</u>, 396 f. Supp. 1102, 1142 (S.D. Fla. 2019) (collecting cases); <u>see</u> <u>also</u> Judge Toomey's Order that denied without prejudice the applicant's discovery because the initial application "provided no facts to support" the jurisdictional allegations and did not provide "any information regarding what business activities are conducted" by Revlon CPC in Florida. Toomey Order at 4-5 (DE# 9-4).

In the present case, the applicants have failed to show with specificity that Revlon CPC's contacts with the district "are the primary reason that the evidence sought is available at all." <u>In re del Valle Ruiz</u>, 939 F.3d at 530. Accordingly, the Court lacks personal jurisdiction over Revlon CPC and should deny the Renewed Application for foreign discovery pursuant to Section 1782.

### 3. "Tag" Jurisdiction Does Not Apply to Corporations

"Tag" jurisdiction refers to personal service of a subpoena on an individual while physically present in the district. The applicants' reliance on <u>Application of Consorcio</u> <u>Ecuatoriano de Telecommunicaciones S.A. v. JAS Forwarding, USA, Inc.</u>, 747 F.3d 1262 (11th Cir. 2014) is misplaced. As Judge Toomey explained "the Eleventh Circuit [in <u>JAS Forwarding]</u> ... did not discuss what is required to satisfy the 'resides or is found' element of Section 1782." Toomey Order at 4-5 (DE# 9-4). The only element at issue in <u>JAS Forwarding</u> was the "for use in a foreign proceeding." Toomey Order at 4 (DE# 9-4); <u>JAS Forwarding</u>, 747 F.3d at 1269. Additionally, <u>JAS Forwarding</u> is factually distinguishable because the target of discovery did not raise a jurisdictional question and did not dispute the other three statutory prerequisites of Section 1782. Unlike the

present case, in <u>JAS Forwarding</u>, the target of discovery had an office in Miami, did business in Miami and was involved in the invoicing operations at issue in the dispute. <u>JAS Forwarding</u>, 747 F.3d at 1265.  <u>JAS Forwarding</u> does not support the applicant's argument that tag jurisdiction applies to a corporation.  The issue was not raised and the Eleventh Circuit only analyzed the "for use" element of Section 1782.

The applicants' reliance on <u>In re Kurbatova</u>, No.18-mc-81554-BLOOM/Valle, 2019 WL 2180704 (S.D. Fla. May 20, 2019), is also misplaced.  In <u>In re Kurbatova</u>, the district court held that "if an entity is personally served with a subpoena while physically present in this district (otherwise known as 'tag' jurisdiction) that person is 'found within the district for purposes of § 1782." <u>Id</u>. at *2.  In <u>In re Kurbatova</u>, the court acknowledged that "[t]he Eleventh Circuit ... has yet to comment on the definition of an entity being 'found' in the district for purposes of § 1782" and relied on the Second Circuit's <u>Edelman</u> decision for "persuasive guidance" as other courts in the district did. <u>Id</u>. (citing <u>In re Edelman</u>, 295 F.3d 171 (2d Cir. 2002) (other citations omitted)).

In <u>In re Kurbatova</u>, the district court applied "tag" jurisdiction to a corporate entity: "[t]herefore, in applying the reasoning of the <i>In re Edelman</i> decision, this Court finds that if an entity is personally served with a subpoena while physically present in this district (otherwise known as 'tag' jurisdiction), that person is 'found' within the district for purposes of § 1782." <u>Id</u>. at 2; <u>see</u> <u>In re Edelman</u>, 295 F.3d 180 (citing <u>Burnham v. Superior Court of California</u>, 495 U.S. 604 (1990)). In <u>In re Kurbatova</u>, the district court held that "Credit Suisse was 'found' in Florida within the meaning of § 1782" because "Credit Suisse's registered agent was served or 'tagged' with the subpoena in this action while in this district." <u>Id</u>.

11

Neither In re Edelman nor Burnham applied "tag" jurisdiction to a corporation. Burnham did not involve foreign discovery. It involved the service of a complaint for divorce on the husband, a resident of New Jersey, while he traveled in California. In In re Kurbatova, the applicant argued Credit Suisse was "found" in the district because it had a Miami office, was registered to do business in Florida and had a registered agent in the district. In re Kurbatova is not binding on this Court.

Other courts in this district as well as the Fifth Circuit have acknowledged that "tag" jurisdiction based on mere presence as analyzed by the Supreme Court in Burnam does not apply to corporations. See BTG Patent Holdings, LLC v. Bag2Go, GmbH, 193 F. Supp. 3d 1310, 1320 & n.4 (S.D. Fla. 2016) (acknowledging Burnham's tag jurisdiction for individuals, but noting that "[a] plaintiff must satisfy the requisites of Daimler[ ] to assert general jurisdiction over a foreign corporation"); Northern Ins. Co. of New York v. Construction Navale Bordeaux, No. 11-CV-60462, 2011 WL 2682950, at *3 (S.D. Fla. July 11, 2011) (explaining that Burnham's tag jurisdiction, which involved an individual, does not apply to corporations); Wenche Siemer v. Learjet Acquisition Corp., 966 F.2d 179, 182 (5th Cir. 1992) ("Burnham did not involve a corporation and did not decide any jurisdictional issue pertaining to corporations.").  A Florida state court explained that applying "tag" jurisdiction to corporations would be "inconsistent" with Daimler. See Woodruff-Sawyer & Co. v. Ghilotti, 255 So.3d 423, 429 (Fla. 3d DCA 2018).

One of the cases upon which Revlon CPC relies, In re Fuhr, 2013 WL 1283456, at *2 (S.D. Fla. July 25, 2013), is factually similar to the present case.  In In re Fuhr, the district court denied an application that sought foreign discovery under Section 1782

from Deutsche Bank.  The application alleged that Deutsche Bank is located in this district. Deutsche bank maintained two branches in the district, but it was headquartered in Frankfurt, Germany.  Deutsche Bank brands itself as a "global universal bank" that has approximately 3,000 branches in more than 70 countries, with more that 11,000 employees in 28 states and 90 cities in the United States. The district court In re Fuhr explained that "[a]pplying Petitioner's logic, if he wanted to obtain documents from Deutsche Bank he could do so by filing an application for judicial assistance in *any* federal district court where a Deutsche Bank branch is located (assuming the other requirement under § 1782 were met)." Id. at *1. The district court explained that the "logical conclusion would undermine the basic requirement of § 1782, namely that the person from whom discovery is sought must reside or be found in the district where the application for judicial assistance is filed." Id.  The district court found "that Deutsche Bank does not reside, nor is it found, in this district for purposes of § 1782." Id. The district court denied the application because the applicant failed to satisfy the jurisdictional predicate for invoking Section 1782.  Id. at *2.

Because the undersigned finds that "tag" jurisdiction does not apply to corporations, the applicants have failed to satisfy the "found" prerequisite to discovery under Section 1782. This Court lacks jurisdiction to grant the Renewed Application.

B.    The Applicants Failed to Show That the Requested Discovery
      Is "For Use" in a Contemplated Proceeding in Venezuela

Section 1782's third prerequisite requires the applicants to show that the requested discovery is "for use in a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a)(3).  To satisfy this prerequisite, the applicants must show that a proceeding is reasonably contemplated.  Intel, 524 U.S. at 258.  "If the judge doubts that

a proceeding is forthcoming, or suspects that the request is a 'fishing expedition' or a vehicle for harassment, the district court should deny the request." In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago, 848 F.2d 1151 1156 (11th Cir. 1988). Courts "must be particularly cautious to insure that § 1782 is not being invoked as a subterfuge, to mask some extra-statutory purpose," such as "trolling for assets in U.S. institutions in order to decide whether it is worth [the applicants'] while to commence a [proceeding] in the first place." Jiangsu Steamship Co. v. Success Superior Ltd., No. 14-civ-9997(CM), 2015 WL 3439220, at *5 (S.D.N.Y. Feb. 5, 2015). "The future proceedings must be more than speculative, however, and a district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time." JAS Forwarding, 747 F.3d at 1270.

In their Renewed Application, the applicants allege that they have satisfied the "for use" prerequisite. Renewed Application at 9 (DE# 1, 12/7/20). In support, the applicants provides the following: 1) the applicants retained counsel in Venezuela, Marco Brando; 2) "[a]s soon as the evidence sought in this [d]istrict is obtained," the applicants intend to file an action against Revlon Venezuela for the fire that occurred in the Denpar Building on June 5, 2011 in the Juzgados de Primera Instancia en lo Civil, Mercantil y Transito del Area Metropolitana de Caracas (the "Contemplated Proceeding and the "Venezuelan Court," respectively); 3) the applicants expended "considerable time and effort in performing investigations" of Revlon Venezuela's actions "leading up to and following the fire in Caracas and the potential causes of action as well as applicable statute of limitations;" 4) that Article 434 of the Venezuelan Code of Civil Procedure requires that fundamental documents (i.e. relevant supporting documents)

14

be attached to the complaint if they are not later admitted; 5) Article 1.185 of the Venezuelan Civil Code provides in relevant part "[h]e who intentionally, or through negligence, recklessness, has caused harm to another, is obliged to repair it....;" 6) the applicable ten-year statute of limitations under Venezuelan law expires on June 5, 2021; Id.; Brando Decl. §§ 2, 7-18 (DE#1-1, 12/7/20)).

In its Response, Revlon CPC argues that the applicants have failed to satisfy the "for use" statutory prerequisite because the applicants failed to provide "reliable indications of the likelihood that [contemplated] proceedings will be instituted within a reasonable time." Response at 9 (DE#10, 12/28/20)(quoting JAS Forwarding, 747 F.3d at 1270).  "Reliable indicators" include "an affidavit from a legal expert on the specifics of the legal proceedings that are anticipated to be filed," "a specific representation about when the applicant promises to file proceedings," and "an explanation why the applicant delayed in seeking Section 1782 discovery." In re da Costa Pinto, 2018 WL 6620906, at *9.  In his Order on the applicant's first application, Judge Toomey held that the applicants failed in all of these respects: "Although the Applicants allege that they have taken concrete steps to proceed with the contemplated case, they provide no specific information about these steps, other than indicating that they have retained an attorney." Toomey Order at *7(DE# 9-4, 12/28/20).  Judge Toomey also denied the application because the "[a]pplicants indicate that they also intend to file a claim based on Revlon Venezuela's improper wind-up, which appears to implicate its parent company, Revlon CPC." Id.; see In re Kreke Immobilien KG, Case No. 13 MISC. 110 NRB, 2013 WL 5966916, at *5 (S.D.N.Y. Nov. 8, 2013) ("To the extent that the petitioner seeks discovery from Oppenheim–and is only doing so through Deutsche

15

Bank because Oppenheim is now its wholly-owned subsidiary–discovery is fundamentally being sought from a participant in the German proceeding."), abrogated on other grounds by In re del Valle Ruiz, Case No. 18-3226, 2019 WL 4924395 (2d Cir. Oct. 7 2019).

During the March 5, 2021 hearing, the applicants' counsel repeatedly failed to answer the Court's questions regarding whether the applicants sought documents from the Venezuelan authorities that have or continue to investigate the fire in the Denpar Building and, if not, why not.  Additionally, the applicants have failed to provide any information regarding the more than eight-year delay between the fire on June 5, 2011 and the filing of the applicants' initial application seeking foreign discovery from Revlon CPC that was filed in the Middle District of Florida on September 26, 2019.

Revlon CPC argues that the applicants have provided "*no* additional information regarding the steps taken toward initiating a lawsuit since filing any of the two subsequent applications." Response at 10 (DE# 10, 12/28/20). Revlon CPC argues further that such vague assurances as the applicants' civil lawsuit "is anticipated to be filed as soon as the evidence sought in this [d]istrict is obtained" (DE# 1 at 10) are nothing more than a "subjective plan to file an action at some point in the future."  Id. (quoting da Costa Pinto, 2018 WL 6620906, at *8).  Additionally, Revlon CPC contends that the applicants would be unable to pursue their contemplated civil action against Revlon Venezuela because the parallel Venezuelan criminal investigation into the 2011 fire at the Denpar Building has not yet concluded.  Response at 10 (DE# 10, 12/28/20) (citing DE# 9-11 at ¶¶ 9-10; DE# 9-12 at ¶¶ 4-9, 13-15, 12/28/20).  Revlon CPC maintains that the Renewed Application is based on an adjudication of fault that has not

occurred. Id. Revlon CPC contends that the applicants continue to mislead the Court by asserting that a final judgment has adjudicated Revlon CPC negligent and at fault for the fire, when that is false. Id. According to Revlon CPC, that authority remains exclusively with the Public Ministry and Prosecutor, whose criminal proceeding remains in the investigative phase. Id. at 11 (citing DE# 9-12 at ¶¶ 13-15, 12/28/20). If the applicants filed a civil action in Venezuela, Revlon CPC argues that the Venezuelan court would stay the action until the criminal investigation and proceeding concluded. Id. (citing DE# 9-11 at ¶¶ 11-12, 12/28/20). The applicants explain that the applicants' civil action will not be stayed pending resolution of the ongoing criminal action in Venezuela unless the Venezuelan court discretionarily stays the civil case upon the defendant's request. Id.; see Carrera Decl. pp. 3-11 and ¶¶ 28-29 (DE# 15-3, 4/14/20) (disagreeing with the Brandt Declaration regarding the suspension of the contemplated civil process under Venezuelan law).

Revlon CPC contends that the discovery sought is a "fishing expedition with the extra-statutory purpose to troll for assets abroad and in other institutions." Id. Revlon CPC maintains that the applicants' subpoena "is an obvious attempt to determine whether it is worth their while to bring any proceeding considering their requests for proprietary financial and insurance documents." Id. at 12 (citing document requests in proposed subpoena (DE#1-4) at ¶¶ a, c, m-n (requesting "financial books" and records, insurance policies and payments, "[d]ocuments regarding successor entities," and "[d]ocuments regarding entities continuing to do business on behalf of Revlon Venezuela")).   Although the Renewed Application no longer includes a contemplated action against Revlon Venezuela for

improper winding up as the first application did,[5] the applicants did not change the scope of their discovery requests and assert that the requested evidence "may further be used to determine whether Revlon Venezuela was insolvent when it wound up its operations." Response at 12 (DE# 10, 12/28/20) (quoting Brando Decl. ¶ 17 (DE# 1-1, 12/7/20)). Revlon CPC concludes that the applicants are fishing for information for a speculative proceeding that is not reasonably contemplated. The Court agrees that certain discovery requests, particularly those seeking financial documents and insurance policies unrelated to the Denpar Building fire and those pertaining to successor entities, appear to be seeking financial discovery to determine if they would be able to collect on a future lawsuit.

The applicants' failure to satisfy the "found in the [d]istrict" statutory prerequisite ends the inquiry and warrants denial of the application. The applicants have failed to explain their more than eight-year delay in filing their initial application under Section 1782 for foreign discovery. Because the applicable ten-year statute of limitations under Venezuelan law expires on  June 5, 2021, the Court will analyze the Intel factors for the benefit of any appeal of this Order.

II.     ***Intel's* Four Discretionary Factors**

Even when all four statutory requirements are satisfied, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." Intel, 542 U.S. at 264.  If the statutory requirements are met, the Court will analyze the following four Intel factors:

---

[5]See Brando Decl. at ¶ 15 (DE# 9-2, 12/28/20) that was filed in the first application and stated: "Applicants also contemplate a claim against Revlon Venezuela for its improper winding-up.  Article 931 of the Venezuelan Commercial Code states: 'Creditors may file for bankruptcy [of the debtor] even if their debt is not enforceable.'"

1) whether the **target of discovery is a participant** in the foreign proceeding, because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant";

2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the **receptivity of the foreign government** or the court or agency abroad to U.S. federal-court judicial assistance";

3) "whether the § 1782(a) request conceals an attempt to **circumvent foreign proof-gathering restrictions** or other policies of a foreign country or the United States"; and

4) whether the request is otherwise "**unduly intrusive or burdensome**.

In re Clerici, 481 F.3d at 1334 (quoting Intel, 542 U.S. at 264-265) (emphasis added).  "The discretionary [Intel] factors come into play after the statutory requirements have been satisfied, and they are guideposts which help a district court decide how to best exercise its discretion." In re: Dep't of Caldas v. Diageo PLC, 925 F.3d 1218, 1223 (11th Cir. 2019). Additionally, "unduly intrusive or burdensome requests may be rejected or trimmed." Intel, 542 U.S. at 265.  If foreign discovery is granted, then the Federal Rules of Civil Procedure apply.  In re Clerici, 481 F.3d at 1336.

    A.    Analysis of *Intel's* Four Factors

        1.    Whether Revlon CPC Is a Putative Participant in a Foreign Proceeding

The first Intel factor weighs against granting the Renewed Application because it seeks discovery from a parent company to be used against its subsidiary in a foreign proceeding. In re Jagodzinski, No. 18-20606-MC, 2019 WL 1112389, at *6 (S.D. Fla. Jan. 15, 2019) ("While the parties are not identical, it can be assumed that any information sought from these parties [in the foreign proceeding] would be identical to discovery produced by those named in [the] Section 1782 application.").  Where the application seeks discovery from a subsidiary through a parent, "discovery is fundamentally being sought from a participant in the [foreign] proceeding," and "the notion that [the parent company]

could somehow be a nonparticipant in the foreign action is untenable." In re Kreke Immobilien KG, 2013 WL 5966916, at *5. Judge Toomey recognized that Revlon CPC could become a potential party because the initial application contemplated a "claim based on Revlon Venezuela's improper winding up ... appears to implicate its parent company, [Revlon CPC]." Toomey Order at 8 (DE# 9-4, 12/28/20). The applicants maintain that they do not intend to pursue an improper winding up claim in their Renewed Application, but the discovery sought and the supporting declaration continue to consider the claim. See Renewed Application at ¶ 17 (DE# 1-1, 12/7/20) (explaining the requested evidence "may further be used to determine whether Revlon Venezuela was insolvent when it wound up its operations").

Revlon Venezuela continues to exist as a corporation and maintains business records in Venezuela and a Venezuelan court has jurisdiction to compel discoverable documents from Revlon Venezuela after a Venezuelan proceeding is filed. See Intel, 542 U.S. at 264.  Discovery is more justified when it is sought from an entity that is not a participant in the prospective foreign proceeding. Id.  This factor weighs in favor of denying the Renewed Application.

2.    Receptivity of Foreign Tribunal to Assistance from U.S. Court

Revlon CPC does not dispute that Venezuela would be receptive to discovery obtained pursuant to Section 1782. Revlon CPC has not offered any "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of § 1782." Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995).  This factor weighs in favor of granting the Renewed Application.

3.   Does the Application Conceal an Attempt to Circumvent Foreign
     Discovery Restrictions

Revlon CPC argues that the third <u>Intel</u> factor weighs against granting Section 1782 discovery because the applicants failed to undertake any discovery procedures in Venezuela during the eight years before they filed their first application in Florida. Response at 15 (citing <u>Jagodzinski</u>, 2019 WL 1112389, at *7 (Although courts do not require exhaustion of discovery abroad, there is "a perception that an applicant that has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782.") (internal quotations omitted)). As Revlon CPC acknowledged at the March 5, 2021 hearing as well as in its Response, the applicants are not required to exhaust discovery in the foreign tribunal before seeking Section 1782 assistance.  In their filings and during the March 5, 2021 hearing, the applicants provided no explanation for their failure to obtain discovery from the ongoing investigations in Venezuela since the 2011 fire. The undersigned finds the third <u>Intel</u> factor neutral.

4.   Whether the Request Is Intrusive or Unduly Burdensome

Revlon CPC argues that the subpoena contains overbroad requests that impose an undue burden on Revlon CPC. The undersigned agrees. Judge Toomey denied the first application for this reason (DE# 9-4 at 8, 12/28/20).  The applicants' re-filed subpoena is substantially similar.

Revlon CPC argues that the requests are a fishing expedition and seek documents for a collection action including "[a]ny and all financial documents ... related to Revlon Venezuela and/or the Denpar Building;" "[a]ny and all documents regarding insurance policies, reinsurance policies, records of insurance claims, insurance payments ... related to Revlon Venezuela and/or the Denpar Building;" "[a]ny and all documents regarding the

appraisals or other valuations of real property, equipment, inventory, or raw materials in Revlon Venezuela's possession prior to the June 5, 2011 fire at the Denpar Building;" "any and all documents regarding internal or other employee or agent statements concerning Revlon Venezuela and/or the June 5, 2011 fire at the Denpar Building;" and "any and all documents regarding successor entities to Revlon Venezuela" and "entities continuing to do business on behalf of Revlon Venezuela." See requested subpoena directed to Revlon CPC (DE# 1-4, 12/7/20).  Additionally, the applicants' requests are not limited in scope to the fire at the Denpar Building that occurred approximately ten years ago.

As stated on the record during the March 5, 2021 hearing, the Court finds that the discovery requests are overbroad and should be narrowed in time and scope. For example, "Any documents from June 5, 2011 to the present" should be limited to "related to the fire in the Denpar Building and decision-making related to the fire."  The requests seeking all financial documents, insurance documents, and successor entity documents appear to seek collection discovery, which is improper and overbroad. Such requests weigh in favor of denying the Renewed Application.

As the Supreme Court held in Intel, "unduly intrusive or burdensome requests may be rejected or trimmed." Intel, 542 U.S. at 265. If the Renewed Application were to be granted, the applicants should be required to narrowly tailor their requests and eliminate the requests that seek collection-action documents.  All requests should be narrowly tailored in time and scope to the negligence and damage claims that the applicants contemplate filing in Venezuela.

III.    The Proposed Subpoena Does Not Comply with the Federal Discovery Rules

If the Court grants Section 1782 discovery, the federal discovery rules apply. In re

Clerici, 481 F.3d at 1336. Revlon CPC argues the applicants' proposed subpoena does not comply with Rule 30(b) of the Federal Rules of Civil Procedure, which requires the notice or subpoena of a corporate representative to "describe with particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  Revlon CPC argues that it cannot identify the corporate representative to provide deposition testimony and that the only potential representatives reside in New York. Response at 20 (DE# 10, 12/28/20) (citing (DE# 9-10 at ¶¶ 16-18).  In their Reply, the applicants do not refute Revlon CPC's argument. Instead, the applicants argue that the Court should not quash the subpoena because Revlon CPC has 60 employees in the district, which cannot be reconciled with Revlon CPC's arguments that it cannot designate an appropriate corporate representative within the district. Reply at 10 (DE# 13, 1/11/21).  The Court finds that the subpoena fails to comply with Rule 30 (b)(6) because it does not describe with particularity the matters for examination.

## CONCLUSION

Because Revlon CPC is not found in the district, the applicants failed to satisfy the statutory prerequisite of Section 1782(a) and this Court lacks jurisdiction to grant the Renewed Application. Accordingly, the Renewed Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 and Request for Expedited Hearing (DE# 1, 12/7/20) is DENIED.

DONE AND ORDERED in chambers at Miami, Florida this 10th  day of March, 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE